```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
JASON R. BADIAN,
                                   :
               Plaintiff,
                                   :    MEMORANDUM DECISION
        - against -
                                   :    03 Civ. 2424 (DC)
BRANDAID COMMUNICATIONS
CORP. et al.,                      :

               Defendants.         :

- - - - - - - - - - - - - - - - - -x

APPEARANCES:          HEIMERL LAW FIRM
                      Attorneys for Plaintiff
                          By:  Wolfgang Heimerl, Esq.
                      67 Wall Street
                      New York, New York  10005

                      LEVY & DRONEY, P.C.
                      Attorneys for Defendant Jay Elliott
                          By:  Jeffrey J. Mirman, Esq.
                      74 Batterson Park Road
                      Post Office Box 887
                      Farmington, Connecticut  06034
```

**CHIN, D.J.**

By Memorandum Decision filed August 30, 2004, this Court granted plaintiff Jason R. Badian's request for an entry of default judgment against defendants on Counts One and Two of the complaint. Defendant Jay Elliott moved for relief from the judgment, and on May 6, 2005 I denied the motion and requested that Badian submit a proposed judgment and that defendants submit any opposition or objections on or before May 26, 2005.

I have reviewed Badian's proposed judgment and defendant Elliott's opposition. Judgment will be entered against defendants in the amount set forth below.

As an initial matter, Elliott argues that because Badian did not submit an individual affidavit in support of his proposed judgment, Badian did not establish a basis for damages. In my May 6, 2005 memorandum decision, I required Badian to "submit a proposed judgment that sets forth proposed damages, together with an affidavit that explains the bases for the proposed amounts." Badian's counsel provided an affirmation and a statement of damages explaining the proposed amounts. Because damages are based on the Employment Agreement, the Stock Purchase Agreement, and costs, counsel's affidavit was sufficient and provided an adequate explanation of the proposed judgment.

## A. Count One

As to Count One of the complaint, I find that Badian is entitled to the following damages from defendants on a joint and several basis:

1. $194,500, representing the "lump sum payment equal to Employee's base salary that would have been due from the date of [the] termination (or deemed termination) to the end of the remaining term of the Agreement" as set forth in the employment agreement between BrandAid Communications Corporation ("BrandAid Communications") and Badian (the "Employment Agreement"). (Compl. ¶ 25).[1]

Badian terminated his employment in accordance with the Employment Agreement on January 3, 2002, and the Employment

---

[1] Paragraph 25 of the complaint quotes paragraph 5(b)(iv) of the Employment Agreement.

Agreement was valid through March 31, 2005. (Compl. ¶¶ 8, 16, 26). Thus payment equal to Badian's base salary was due from January 4, 2002 through March 31, 2005, a total of three years, two months, and twenty-seven days.

I find that Badian's salary was $60,000 at the time of his resignation. Badian claims that his agreed upon salary was $90,000 annually, but Elliott counters that at the time of resignation, Badian's base salary was at most $60,000. (Compl. ¶ 11; Elliott Opp'n at 9).[2] On July 22, 2002, an administrative law judge with the New York Unemployment Insurance Appeal Board found that "[i]n January 2001, [Badian] agreed to take a salary cut from $90,000 to $60,000." (Id. Ex. C at 10).[3] Badian has put forth no evidence to support the assertion that his salary was different than that determined by the administrative law judge.

Accordingly, I find that Badian is entitled to a lump sum payment of $194,500, which is equal to a salary of $60,000 for three years plus $5,000 a month for two months plus $4500 for 27 days.

2. $180,000, representing a lump sum payment equal to three times Badian's annual base salary as of the date of

---

[2] "Elliott Opp'n" refers to defendant Elliott's memorandum in opposition to plaintiff's application for the entry of judgment dated May 26, 2005.

[3] Exhibit C did not include page numbers and has been numbered by the Court.

termination, in accordance with the Employment Agreement. (Compl. ¶ 25).

3. $113,406.84, representing interest on the two lump sum payments mentioned above from February 2, 2002 (the due date for the payments under the Employment Agreement) through today. Interest is calculated at the legal rate of nine percent per year for a total of 1226 days. Therefore, the total interest is calculated by multiplying 0.000247 (the daily rate of interest) times 1226 days times $374,500 (the total lump sum payments due).

4. $581, representing costs and disbursements. (Heimerl Aff. ¶ 5).[4]

Badian is not entitled to reimbursement for his health insurance premiums. The Employment Agreement requires that BrandAid Communications shall "provide for the continuation of any Company health insurance benefits which the Employee and his family would be eligible but for [the] termination for a period ending three (3) years from the date of such termination." (Compl. ¶ 25). There is no indication that Badian was receiving health insurance benefits at the time of his termination or, if he was, that he requested their continuance. In fact, Badian has provided no evidence in regard to health insurance. Moreover, the Employment Agreement does not contemplate reimbursement for

---

[4] "Heimerl Aff." refers to the Affirmation of Wolfgang Heimerl in support of plaintiff's application for the entry of a judgment dated May 13, 2005.

- 4 -

health insurance premiums unrelated to BrandAid Communications benefits.

Elliott argues that Badian is not entitled to damages from Elliott on Count One, because Badian stated no actionable breach of contract claim against Elliott. This issue was argued by Elliott in his motion for reconsideration and will not be considered again here. In the May 6, 2005 memorandum decision, I found that "the complaint alleges that Elliott acted in bad faith or committed a tort in connection with BAC's performance of its obligations under the contract that is the subject of Count One." Accordingly, for the reasons set forth in the May 6, 2005 memorandum decision, Badian is entitled to damages from Elliott on Count One.

In sum, judgment is entered against defendants on a joint and several basis for $488,487.84 on Count One of the complaint.

**B.  Count Two**

I find that Badian is also entitled, on Count Two of the complaint, to the following additional damages from Elliott:

1.  $53,700, representing three payments of $17,900 each due in exchange for the stock of BrandAid Communications, in accordance with a December 5, 2001 stock purchase agreement between Elliott and Badian (the "Stock Purchase Agreement"). (Compl. ¶ 36; id. Ex. B).

Elliott argues that Badian erroneously asserted in the

complaint that the failure of Elliott to make the December 2, 2002 payment caused the remaining balance under the Stock Purchase Agreement to become accelerated. (Elliott Opp'n at 11-12). Badian's claim in regard to acceleration is not a basis for this judgment; instead, the plain language of the Stock Purchase Agreement is the basis for the judgment. The Stock Purchase Agreement provides that "[t]he remaining balance, $53,700 to be paid for the Stock shall be made with three equal payments ($17,900 each) payable to J.R. Badian from Jay Elliott made on each successive one-year anniversary of the date of this letter, until the complete consideration has been paid." (Compl. Ex. B). The remaining balance of the Stock Purchase Agreement has not been paid to Badian by Elliott, and the Stock Purchase Agreement clearly indicates that the entire balance is past due.

2. $7,361.47, representing interest on the outstanding Stock Purchase Agreement payments. The first installment was due December 5, 2002, the second due December 5, 2003, and the third due December 5, 2004, and interest is calculated at the legal annual rate of nine percent through today. (See id. Ex. B). Thus $4,067.60 is due for interest on the first installment, which is 920 days past due; $2,453.82 is due for interest on the second installment (555 days past due); and $840.05 is due for interest on the third installment (190 days past due).

In sum, judgment is entered against defendant Elliott for $61,061.47 on Count Two of the complaint.

## CONCLUSION

Default is hereby entered against defendants. Badian is entitled to $488,487.84 from defendants on a joint and several basis on Count One of the complaint and an additional $61,061.47 from defendant Elliott on Count Two of the complaint. Judgment will be entered against (1) all defendants, on a joint and several basis, in the amount of $488,487.84 on Count One, and (2) defendant Elliott in the additional amount of $61,061.47 on Count Two.

SO ORDERED.

Dated:   New York, New York
         June 13, 2005

DENNY CHIN
United States District Judge